**You Gui ZHU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Immigration and Naturalization Service, Respondents.**

No. 04–1768–AG.

United States Court of Appeals, Second Circuit.

Dec. 14, 2005.

You Gui Zhu, Brooklyn, New York, for Petitioner, pro se.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Kevin P. Mulry, F. Franklin Amanat, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. Amalya L. KEARSE, Hon. Chester J. STRAUB, and Hon. Sonia SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the Board of Immigration Appeals ("BIA") decision is DENIED.

You Gui Zhu petitions for review of a March 8, 2004 decision of the BIA denying his motion to reconsider its January 22, 2004 denial of a motion to reopen his final order of removal. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Zhong Guang Sun v. United States Dep't of Justice*, 421 F.3d 105, 107 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies ..., is devoid of any reasoning, or contains only summary or conclusory statements ...; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001). In reviewing the denial of a motion to reconsider, this Court is precluded from passing on the merits of the underlying claim for relief; our review is confined to the merits of the denial of consideration. *Id.* at 89–90.

A motion to reconsider must specify errors of fact or law in the prior decision and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1). Zhu's motion to reconsider merely restated the same arguments he initially raised in his prior motion to reopen and in his appeal to the BIA, which the BIA had addressed and rejected. The BIA did not abuse its discretion when it denied the motion on the ground that Zhu's motion for reconsideration did not set forth an adequate basis to warrant reconsideration of the BIA's January 22, 2004 decision.

For the foregoing reasons, the petition for review is DENIED and Zhu's pending motion for a stay of removal is denied.